**AFFIRMED; Opinion Filed October 30, 2014.**



In The

# Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-13-00714-CR

**LONNIE JACK LEE, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 416th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 416-80965-2012**

## MEMORANDUM OPINION

Before Justices Bridges, Lang, and Evans
Opinion by Justice Evans

Appellant Lonnie Jack Lee appeals from the judgment adjudicating him guilty of aggravated robbery. In a single issue, appellant contends there was insufficient evidence to support the jury's conclusion that the complainant suffered serious bodily injuries. Finding no merit in appellant's argument, we affirm the trial court's judgment.

### BACKGROUND

On December 31, 2011, appellant went to the hotel room of Ferris Michael Short with his friends Summer and Megan. Tonya Pauley, who was inside the room with Short, testified that the door got kicked in and appellant, Summer and Megan rushed into the room. Pauley further testified that appellant punched Short in the face and knocked his dentures out while Megan and Summer ransacked the room for Short's money and drugs. Pauley also testified that appellant kicked Short in the face and Short became unconscious.

Dr. Joshua James, Short's facial trauma surgeon, also testified at the trial. Dr. James testified that Short was referred to him because of the facial fractures which Short had sustained. Dr. James performed surgery to put Short "back together" by correcting the fractures and placing permanent titanium plates in his jaw. Dr. James testified that Short's injuries qualified as serious bodily injuries because they could cause "protracted loss or impairment of function of the jaw, the jaw joint; the nerves that go through and travel through the jaw; the teeth that set within those certain areas of the jaw; the risk of permanent infection or malunion, which means the jaw doesn't actually ever heal appropriately, which can lead to dentition problems; problems with mastication, or chewing; and swallowing."

Short testified that he has numbness and paralysis on one side of his face which has resulted in uncontrollable drooling as well as difficulty with chewing and swallowing. He further testified that he suffers from daily pain and permanent disfigurement because his face sags to one side.

The jury found appellant guilty of aggravated robbery and assessed a punishment of forty years' confinement. Appellant filed a timely notice of appeal.

ANALYSIS

In his sole issue, appellant contends that the evidence is insufficient to support the jury's determination that Short suffered serious bodily injury as a result of appellant's conduct. We disagree.

We apply the appropriate legal sufficiency standard of review. *See Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Adames v. State*, 353 S.W.3d 854, 860 (Tex. Crim. App. 2011). In a legal sufficiency review, "we view all of the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Adames*, 353 S.W.3d at 860. This standard "recognizes the trier of

–2–

fact's role as the sole judge of the weight and credibility of the evidence after drawing reasonable inferences from the evidence." *Id.* We measure the sufficiency of the evidence by the elements of the offense as defined by a hypothetically correct jury charge. *See id.* (citing *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997)).

The jury convicted appellant of aggravated robbery which occurs when a person commits robbery and he causes serious bodily injury to another. TEX. PENAL CODE ANN. § 29.03 (West 2011). The Texas Penal Code defines a serious bodily injury as a "bodily injury that creates a substantial risk of death or that causes death, serious permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ." TEX. PENAL CODE ANN. § 1.07(46) (West 2013).

We described above the serious injuries sustained by Short whom appellant struck and kicked. Short was knocked unconscious; transported to the hospital; referred to a facial trauma surgeon; and underwent surgery for placement of permanent titanium plates in his jaw. Over a year later, Short testified at trial that he still experiences daily pain as well as numbness and paralysis on one side of his face resulting in uncontrollable drooling and difficulty with chewing and swallowing. The State argues Shorts' injuries constitute serious bodily injury. We have held that injuries such as Short suffered constituted serious bodily injury. *See Tucker v. State*, No. 05-01-01899-CR, 2002 WL 32397713, at *1–2 (Tex. App.—Dallas Oct. 30, 2002, no pet.) (not designated for publication) (affirming jury's decision that defendant caused a serious bodily injury when he fractured victim's jaw and she was restricted to a liquid diet for three weeks and had pain for a month); *see also Johnson v. State*, Nos. 03-03-00259-CR, 03-03-00260-CR, 2004 WL 314937, at *1 (Tex. App.—Austin Feb. 20, 2004, no pet.) (mem. op., not designated for publication) (victim suffered a protracted impairment of her mouth and jaw as result of blows inflicted by appellant resulting in a serious bodily injury), *Williams v. State*, No. 06-10-00156-

CR, 2011 WL 808957, at *2–3 (Tex. App.—Texarkana Feb. 28, 2011, no pet.) (mem. op., not designated for publication) (sufficient evidence for jury to conclude that the significant impairment of the function of victim's jaw for four to five months constituted a protracted impairment of a bodily function resulting in a serious bodily injury). Thus, we agree with the State that appellant's conduct resulted in serious bodily injury to Short and we overrule appellant's sole issue.

## CONCLUSION

We resolve appellant's issue against him and affirm the trial court's judgment.

/ David Evans/
DAVID EVANS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
130714F.U05

–4–



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

LONNIE JACK LEE, Appellant

No. 05-13-00714-CR　　　V.

THE STATE OF TEXAS, Appellee

On Appeal from the 416th Judicial District
Court, Collin County, Texas
Trial Court Cause No. 416-80965-2012.
Opinion delivered by Justice Evans.
Justices Bridges and Lang participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 30th day of October, 2014.